UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
IRENE SEARIGHT,

          Plaintiff,

- against -

DOHERTY ENTERPRISES, INC., D/B/A
APPLE FOOD SERVICE OF NEW YORK,
LLC, A/D/B/A APPLEBEE'S RIVERHEAD,
AND JONATHAN BERDINKA,

          Defendants.
----------------------------------X

CIVIL ACTION NO:

**CV 02 0604**

COMPLAINT

RECEIVED
U.S. DISTRICT COURT E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ JAN 2 8 2002 ★

ENTERED

**HURLEY, J.**

**ORENSTEIN, M.**

The plaintiff by her attorney Charles Jacobson complaining of defendants alleges:

### PRELIMINARY STATEMENT, THE PARTIES JURISDICTION AND VENUE

1. This action seeks monetary relief for plaintiff, Irene Searight for denial of equal employment opportunity to her. Plaintiff also seeks to obtain monetary relief on the basis of unlawful employment practices by defendants, Doherty Enterprises, Inc. d/b/a Apple Food Service of New York, LLC, a/d/b/a Applebee's Riverhead, (hereinafter collectively sometimes referred to as either "defendants" or "Doherty" or "Apple Food") its agents and employees including, Jonathan Berdinka.

2. This complaint also alleges damages to the plaintiff, as the result of defendants maintaining a policy, practice custom or usage, including but not limited to the following:

    (a)    Discrimination against plaintiff because she is a female with respect to the term, conditions, and privileges of her employment;

    (b)    Creating an environment of psychological

     harassment, sexual harassment in ways which
     damages her personal and professional status and
     otherwise affect her status as an employee of defendants
     because of her sex;

(c) Negative employment reports in retaliation for her reporting the actions of Jonathan Berdinka and her complaint against Doherty and/or Apple Food for its practices of discrimination;

(d) Depriving plaintiff of employment rights in violation of due process of law guaranteed by the Fifth Amendment to the United States Constitution.

3. This action arises under provisions of Title VII of the Acts of Congress know as the Civil Rights Acts of 1964, 78 Stat. 253, as amended, and Title 42 USC §§ 2000e et seq. Jurisdiction is also invoked pursuant to 42 USC § 2000e-5(g) which allows equitable and other relief.

4. The jurisdiction of this Court is also invoked pursuant to 28 USC § 1331 and 28 USC § 1343.

5. All acts alleged herein occurred within Suffolk County, New York, which is part of the Eastern District of New York.

6. On or about June 20, 2001, Irene Searight, filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") charging discrimination and unfair employment practices against defendants Doherty and/or Apple Food

7. On or about November 2, 2001, the EEOC issued a Notice of Right to Sue, a copy of which is annexed hereto as **Exhibit 1** and incorporated herein by reference.

8. That plaintiff was born on August 26, 1960, she is female. She is a citizen of the United States and brings this action in her individual capacity.

9. That plaintiff was and still is resident of Suffolk County New York.

10. That upon information and belief, the defendants, Doherty and/or Apple Food at all of the relevant times mentioned herein, was and still a New Jersey corporation with its principle place of business located in Allendale, New Jersey, but which maintains a restaurant in Riverhead, New York..

That upon information and belief, Apple Food Service of New York, LLC, is the operating entity of the restaurant located at Riverhead, New York.

11. Upon information and belief, at all of the relevant times mentioned herein Jonathan Berdinka, was and still is a resident of Suffolk County, New York and was and still is an employee of the co-defendants herein.

12. That plaintiff was initially employed by defendants, Doherty and/or Apple Food, on or about November 1, 2000, until on or about the period ending February 18, 2001, as a waitress and that during her entire tenure, said defendants had an anti-discrimination policy set forth in its employee's handbook.

13. That upon information and belief, during plaintiff's tenure, Doherty and/or Apple Food employed 101 to 200 employees.

## FIRST CAUSE OF ACTION, SEXUAL HARASSMENT

14. That on or about January 19, 2001, and while plaintiff was crouching to do her job, a co-worker, Jonathan Berdinka, without plaintiff's consent straddled plaintiff's neck and shoulders and subjected plaintiff to an unwelcome sexual contact, of thrusting his groin against plaintiff's face and neck and telling her how much she liked it. This lasted for several minutes until plaintiff lost her balance and fell, (hereinafter referred to as "the sexual assault") resulting in physical injuries to plaintiff.

15. That on or about January 20, 2001, plaintiff reported the sexual assault to

plaintiff's immediate supervisor, Ms. Tara Hennessey, whose initial response was "does that bother you?", "why would that bother you?", which response was repeated by Ms. Hennessey several times. That on or about January 27, 2001, Mark Prince, another of defendant's managers, approached plaintiff and shook her hand, laughed and told plaintiff that she "was a good egg."

16. Thereafter, plaintiff was subjected to retaliatory conduct by defendants in the form of a written and verbal criticism for alleged improper performance and threatened with termination by her supervisors as follows:

a. On or about January 25, 2001, plaintiff was, warned against submitting partial orders to the kitchen via the computer. The reason plaintiff did so , was because Jonathan Berdinka was at the computer and again harassing her with sexual comments and sneering at plaintiff and she did not feel safe to be near him. Despite plaintiff's complaints to a supervisor, Mr. Joseph Scarlata, about this additional incident of harassment, defendant took no action against Mr. Berdinka, who was still permitted by defendants to remain at the job site with the same access to plaintiff's person as he had had prior to January 19, 2001. Plaintiff was verbally threatened with termination by Joseph Scarlata, after he had specifically asked her to attend to singing "Happy Birthday" to a customer and after he had assured her he would obtain a plate for another customer if she did the singing.

b. On or about January 29, 2001, plaintiff was threatened with termination in writing by Joseph Scarlata, one of the defendants assistant general managers, for forgetting a side plate order. Plaintiff had been required to attend other responsibilities.

c. During the period January 29 through February 11, 2001, plaintiff was given a poor evaluation by a "secret" shopper and her supervisor, Tara Hennessey, threatened plaintiff in writing with termination. Plaintiff had complained to Tara Hennessy, that she felt the evaluation was unfair, because other servers, who had not yet been evaluated by a secret shopper, had been working longer than her. Plaintiff was also told by Tara Hennessey that the evaluation had discrepancies.

d. On or about February 11, 2001, plaintiff was asked by her supervisor, Tara Hennessey, to load glassware. Plaintiff had explained that, since the injuries plaintiff sustained as a result of Jonathan Berdinka's sexual assault, made it painful for her to do heavy lifting, that she could not do

that "side-work.". She had not been assigned that bartender's side-work at the beginning of the shift nor was that side work the side work performed by a waitress. Notwithstanding this, plaintiff was again threatened with termination.

17. That defendants failed to exercise appropriate discipline and control over Jonathan Berdinka after the incident of January 19, 2001, and after plaintiff had complained of Berdinka's following comments made to her or within her presence:

"nice ass," "how about a sausage party".

and his constantly leering at her all of which was verbally reported by the plaintiff to her supervisors, who did nothing further to Berdinka, and thereby created and/or permitted a hostile work environment to exist and unlawfully retaliated against the plaintiff.

18. That as a result of the foregoing, plaintiff suffered embarrassment and emotional distress. That these acts of defendants, Doherty and /or Apple Food, through its supervisors were intentional or so reckless as to be without regard for plaintiff's feelings and well being and she has suffered damages to the extent of at least $500,000.00, to be finally determined at a trial hereof.

## SECOND CAUSE OF ACTION, EMOTIONAL DISTRESS

19. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

20. As a direct and proximate result of the discriminatory acts of sexual harassment, plaintiff suffered traumatic shock and injury to her nervous system, causing serious emotional distress and physical manifestations.

21. That as a result of the foregoing, the plaintiff has been damaged to the extent of at least $500,000.00, to be finally determined at a trial hereof.

## THIRD CAUSE OF ACTION, BREACH OF CONTRACTUAL RIGHTS AND FAILURE TO DEAL IN GOOD FAITH

22. Plaintiff repeats and realleges herein all facts contained in the proceeding paragraphs with the same force and effect as though fully set forth herein.

23. That aforesaid acts constituted a breach of fair dealing and good faith in that defendants, Doherty and/or Apple Food, did not follow its own policies as specified in its employee's handbook.

24. Plaintiff relied on the representations made in the handbook to her detriment.

**WHEREFORE**, plaintiff prays that judgment be entered against defendants, as follows:

1. Declare that the above alleged acts of defendants, Doherty and/or Apple Food, constitute sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Act of 1972 (4 USC §§ 2000e et seq.)

2. Direct defendants, Doherty and/or Apple Food, to renew and reconstruct plaintiff's personnel records to reflect the promotions and salaries plaintiff would have received but for defendants' illegal acts. Expunge all derogatory information from plaintiff's personnel file which resulted from the discriminatory and retaliatory acts of said defendants any of its agents and employees; and

3. Grant plaintiff a money judgment against said defendants for a sum not less than $500,000.00 and for her attorney's fees and such other and further relief as the Court may deem proper in these circumstances.

*Charles Jacobson*
Charles Jacobson (CJ 8341)
Attorney for Plaintiff
7600 Jericho Turnpike
Woodbury, New York 11797
(516) 496-3000
Fax (516) 496-3021

Demand For Jury Trial

PLEASE TAKE NOTICE, that plaintiff hereby demands a trial by jury.

*Charles Jacobson*
Charles Jacobson (CJ 8341)
Attorney for Plaintiff

**Exhibit 1**

EEOC Form 161 (10/96)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Irene Searight  
57 Birch Lane  
Wading River NY 11792

From: Equal Employment Opportunity Commission  
201 Varick Street, 10th Floor  
New York, NY 10014

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 171-A1-0697 | V. Guest | (212) 741-2783 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state) _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____       11-02-01  
Spencer H. Lewis Jr., District Director      *(Date Mailed)*

Enclosure(s)

cc: Respondent  
    Applebees Restaurant Bar and Grill  
    c/o McManimon & Scotland L.L.C  
    One Riverfront Plaza, 4th Floor  
    Newark, New Jersey 07102-5408

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          INDEX NO.

Case 2:02-cv-00604-SJF-AKT   Document 1   Filed 01/28/02   Page 10 of 10 PageID #: 10

IRENE SEARIGHT,

        Plaintiff,

  - against -

DOHERTY ENTERPRISES, INC., D/B/A APPLE FOOD SERVICE OF NEW YORK, LLC, A/D/B/A APPLEBEE'S RIVERHEAD, AND JONATHAN BERDINKA,

        Defendants.

## SUMMONS AND COMPLAINT

Charles Jacobson, Esq. (CJ8341)
Attorney for Plaintiff
7600 Jericho Turnpike
Woodbury, New York 11797
516-496-3000

*Charles Jacobson*

Attorney(s) for

7600 Jericho Turnpike
Woodbury, New York 11797
(516) 496-3000

To

Service of a copy of the within is hereby admitted.

Dated:................................19........

Attorney(s) for