UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
IRENE SEARIGHT

                      Plaintiff,

          -against-

DOHERTY ENTERPRISES, INC., d/b/a APPLE
FOOD SERVICE OF NEW YORK, LLC a/d/b/a
APPLEBEE'S RIVERHEAD and JONATHAN
BERDINKA

                     Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

02-CV-0604
(SJF)(JO)

**OPINION & ORDER**

I.    Introduction

Plaintiff Irene Searight ("Plaintiff" or "Searight") initiated this action against defendants

Doherty Enterprises, Inc., d/b/a Apple Food Service of New York, LLC a/d/b/a Applebee's

Riverhead (collectively "Doherty") and Jonathan Berdinka ("Berdinka" and together with

Doherty, "Defendants") alleging violations of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, New York

Executive Law § 290 *et seq.* ("New York Human Rights Law"), breach of contract and

intentional infliction of emotional distress arising out of Berdinka's alleged sexual harassment of

Plaintiff. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56. For the

reasons set forth below, Defendants' motion for summary judgment is denied without prejudice.

II.    Analysis

Fed. R. Civ. P. 83 authorizes a District Court to adopt local rules of practice. Pursuant to

this authority, the Southern and Eastern Districts of New York have adopted Local Rule 56.1,

1

which establishes requirements for the submission of and opposition to motions for summary judgment under Fed. R. Civ. P. 56. Local Rule 56.1 states, in relevant part:

> (a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, *in numbered paragraphs*, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion . . . .
>
> (d) Each statement *by the movant* . . . **pursuant to Rule 56.1(a)** . . . must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

U.S. Dist. Ct., S.D. and E.D. N.Y., R. 56.1. (emphasis in original).

It is well-established that the District Court possesses broad discretion when addressing violations of the local rules. Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001); Wight v. BankAmerica Corp., 219 F.3d 79, 85 (2d Cir. 2000). In the present case, Defendants have failed to submit the requisite 56.1 Statement. Rather, they have submitted an affidavit of counsel describing copies of attached documents. (Fernandez Aff.).[1] Since Defendant has failed to submit the required 56.1 statement, the Court is unable to adequately assess whether there exist any genuine issues of material fact.

III.    Conclusion

For the reasons set forth above, Defendants' motion for summary judgment is DENIED without prejudice.

---

[1] The Court further notes that, even to the extent Mr. Fernandez's affidavit were deemed a 56.1 statement, it fails to allege material facts that, if undisputed, entitle Defendants to summary judgment. Thus, for example, even though it is undisputed that "[d]efense witness Tara Hennessey was deposed in connection with this litigation [and t]rue and accurate copies of the relevant portions of the deposition transcript are attached" to the affidavit, this does not entitle Defendants to summary judgment.

_____
Sandra J. Feuerstein
United States District Judge

Dated: September 14, 2005
Central Islip, New York